UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02446-TWP-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DISMISSING HABEAS PETITION, DENYING PENDING MOTIONS AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on several pending motions. Respondent Warden has filed a Motion to Dismiss (Dkt. 8). Petitioner Charles Allen ("Allen") has filed a Motion to Show Cause (Dkt. 20), Motion to Amend Petition for Writ of Habeas Corpus (Dkt. 21), and Motion Requesting Leave to Amend Petition (Dkt. 22). For the reasons explained below, Allen's petition is **dismissed** for lack of jurisdiction and the pending motions are **denied as moot.**

## I. Dismissal of Petition

On September 21, 2020, Allen filed the instant Petition for Writ of Habeas Corpus, challenging his 2016 convictions in Indiana case number 49G14-1309-FD-060983. (Dkt. 1). This Court issued a show cause order to the Respondent. (Dkt. 5). In response, the Respondent filed a Motion to Dismiss the Petition as time-barred. (Dkt. 8). Allen's reply alerted the Court to his prior federal habeas petition challenging the same convictions. On February 22, 2021, this Court ordered Allen to show cause why his habeas petition should not be dismissed as successive. (Dkt. 19). Allen responded by filing a motion to show cause (Dkt. 20), motion to amend his petition (Dkt. 21), and a motion for leave to amend (Dkt. 22). In these motions, Allen argues that his petition is

not successive because he only challenges the adequacy of state post-conviction proceedings which occurred after he filed his first federal habeas petition.

Allen is mistaken. As noted above, Allen previously filed a federal habeas petition after the completion of direct review of his conviction in state court. That petition was dismissed with prejudice in 2018 because his claims were procedurally defaulted. *See Allen v. Hill*, 1:18-cv-00966-RLY-TAB. After the dismissal of his federal habeas petition, Allen filed a petition for post-conviction relief in state court. He now seeks federal review of the state post-conviction proceedings.

When there has already been a decision in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b)(3). This statute "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). It "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). Therefore, "[a] district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

Allen's current § 2254 petition must be summarily dismissed for lack of jurisdiction because it is a second or successive action for relief on the same conviction, and there is no indication that the Court of Appeals has authorized its filing. Allen's choice to pursue federal habeas relief before pursuing post-conviction relief in state court does not affect this outcome. This disposition is compelled entirely apart from whether Allen has or lacks a strong case for filing a successive § 2254 petition. That is a point on which the Court expresses no opinion and into which

it has no authority to inquire. If Allen wishes to pursue his successor claims, he must file a request to do so in the Seventh Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

**II. Certificate of Appealability**

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). Instead, a state prisoner must first obtain a certificate of appealability. See 28 U.S.C. §2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where, as here, a petitioner's claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not dispute that Allen's petition is successive. The Court therefore **denies** a certificate of appealability.

**III. Conclusion**

Allen's petition is **dismissed** for lack of jurisdiction. His Motions to Show Cause and Amend Petition, dkt. [20], dkt. [21], dkt. [22] are **DENIED as moot**. In addition, the Respondent's Motion to Dismiss, dkt. [8], is **DENIED as moot**. A certificate of appealability is also **DENIED**.

This action is terminated and final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 5/5/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES ALLEN
957183
EDINBURGH – CF
EDINBURGH CORRECTIONAL FACILITY
Inmate Mail/Parcels
P.O. Box 470
Edinburgh, IN 46124

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov